NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RYAN LOKKER, an individual,

Plaintiff - Appellant,

v.

WALMART INC.; DOES, 1 through 10, inclusive,

Defendants - Appellees.

No. 24-3445

D.C. No.
5:23-cv-01106-RGK-SHK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted October 24, 2025
Pasadena, California

Before: R. NELSON and VANDYKE, Circuit Judges.**

Plaintiff–Appellant Ryan Lokker ("Lokker") appeals the district court's entry of final judgment in his whistleblower retaliation and wrongful termination suit against Walmart, Inc. ("Walmart"). Lokker argues that the district court erred by

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** This decision was issued by a quorum of the panel. *See* 28 U.S.C. § 46(d); Ninth Circuit General Order 3.2(h).

dismissing his whistleblower retaliation suit as time-barred, entering summary judgment against Lokker on his wrongful termination claim for punitive damages, and committed evidentiary errors at trial. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and do not reach the evidentiary questions.

1. The district court erred by finding that claims for compensatory damages under California Labor Code § 1102.5 are governed by a one-year statute of limitations and by dismissing Lokker's whistleblower retaliation claim as time barred. What statute of limitations applies to actions under § 1102.5 is a question of law we review de novo, with the aim of predicting how the California Supreme Court would decide the issue. *Disability L. Ctr. of Alaska, Inc. v. Anchorage Sch. Dist.*, 581 F.3d 936, 938 (9th Cir. 2009); *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004); *AGK Sierra De Montserrat, L.P. v. Comerica Bank*, 109 F.4th 1132, 1136 (9th Cir. 2024).

Under California law, various claims for relief based in a single statute may be governed by different statutes of limitations when those claims are "distinct" and aim to redress different harms. *See, e.g.*, *Crowley v. Katleman*, 8 Cal. 4th 666, 689 (1994) ("For all these reasons, [cause of action allowing compensation for litigation costs] and the cause of action for malicious prosecution provide distinct remedies that are at most alternatives to each other."). Since California courts have described compensatory damages as distinct from civil penalties, subject to distinct statutes of

limitations, we apply that rule here. *See, e.g.*, *G.H.I.I. v. MTS, Inc.*, 147 Cal. App. 3d 256, 278–79 (1983) (holding claims for treble and actual damages are distinct and subject to different statutes of limitations); *see also Hypertouch, Inc. v. ValueClick*, 192 Cal. App. 4th 805, 843 (2011) (holding "actual damages" and "statutory damages" are "patently severable" since they "are different and thus logically serve different purposes: compensatory in the case of the former and penal in the case of the latter").

Nothing in the text of § 1102.5 or the history of its passage supports finding that the California Legislature displaced this general rule.[1]  The California Legislature added a provision allowing for the recovery of civil penalties as part of an effort "to include several *additional* employee protections" in the wake of public scandals involving Enron and WorldCom. *People ex rel. Garcia-Brower v. Kolla's, Inc.*, 14 Cal. 5th 719, 723 (2023) (emphasis added).  Accordingly, the district court erred in holding that claims for compensatory damages under § 1102.5 are subject to a one-year statute of limitations.

2.  The district court did not err by entering partial summary judgment on Lokker's claim for punitive damages related to his wrongful termination suit. Lokker presented no evidence that store manager Christopher Berry ("Berry") knew

---

[1] Plaintiff–Appellant's Motion for Judicial Notice, Docket No. 21, showing the addition of the civil penalty to California Labor Code § 1102.5 is hereby granted.

of his complaint to Walmart's corporate office. When Lokker filed his written complaint over Walmart's cold-handling practices, he conceded that he was "not sure if [Berry] knows what's going on" and explained that he "never really talked to him." And Berry himself testified that he never learned of Lokker's complaint before he was terminated. Lokker never presented any evidence at summary judgment that Berry had actual knowledge of his cold-handling complaint, so the district court did not err in concluding that "[t]he undisputed record shows Berry had no knowledge of [Lokker's] complaint before the commencement of this action."

Lokker's arguments to the contrary, that Walmart's internal logs showed that his complaints were "referred to SM," are forfeited on appeal because Lokker never presented this evidence at summary judgment. *Consumer Fin. Prot. Bureau v. Aria*, 54 F.4th 1168, 1173 (9th Cir. 2022).

The judgment of the district court is **REVERSED IN PART**, **AFFIRMED IN PART**, and **REMANDED**.